FILED

APR 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UGOCHUKWU FREDERICK UBILI, a.k.a. Frederick Ugochukwu, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-72096 <br><br> Agency No. A087-068-682 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2013[**]

Before:     CANBY, IKUTA, and WATFORD, Circuit Judges.

Ugochukwu Frederick Ubili, a native and citizen of Nigeria, petitions for

review of a Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum on

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretionary grounds.  We have jurisdiction under 8 U.S.C. § 1252.  We review

for abuse of discretion the denial of asylum as a discretionary matter.  *Kalubi v.*

*Ashcroft*, 364 F.3d 1134, 1137 (9th Cir. 2004).  We deny the petition for review.

The agency did not abuse its discretion in its discretionary denial of Ubili's

asylum claim, and properly considered and weighed all relevant factors before it.

*See id.* at 1137, 1139; *Vilchez v. Holder*, 682 F.3d 1195, 1200-01 (9th Cir. 2012)

(agency "does not have to write an exegesis on every contention" in reaching

discretionary decision); *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)

(upholding denial based on prior immigration fraud).  We reject Ubili's argument

that the agency was not entitled to deny him asylum as a matter of discretion.  *See*

*Hosseini,* 471 F.3d at 957 (the IJ has authority to "grant or deny asylum in the

exercise of discretion") (internal quotation marks and citation omitted).

Finally, the agency was not required to balance Ubili's prior immigration

fraud against the risk of future persecution in Nigeria.  *See Kalubi*, 364 F.3d at

1141 (grant of withholding of removal eliminates risk of future persecution in

home country).

**PETITION FOR REVIEW DENIED.**

11-72096